In the Matter of David M. FLEURY.

No. 2015–294–M.P.

Supreme Court of Rhode Island.

Oct. 13, 2015.

David D. Curtin.

David M. Fleury, Pro Se.

## ORDER

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure. The respondent, David M. Fleury, was admitted to the practice of law in this state on May 12, 1988. On July 25, 2013, he was removed from the master roll of attorneys for failure to pay his annual registration fee to the Supreme Court Clerk. However, he remains subject to the disciplinary jurisdiction of this Court.

The respondent was also admitted to the practice of law in the Commonwealth of Massachusetts. On May 27, 2015, the Supreme Judicial Court of the Commonwealth of Massachusetts entered a judgment of disbarment, effective immediately, disbarring the respondent from the practice of law in Massachusetts. A copy of that judgment was forwarded to Disciplinary Counsel.

Rule 14, entitled "Reciprocal discipline," provides in pertinent part: "(a) Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary] Counsel shall obtain a certified copy of the disciplinary order and file it with the Court." On June 12, 2015, Disciplinary Counsel filed a certified copy of the judgment of disbarment with this Court along with his request that we impose reciprocal discipline.

On June 22, 2015, we entered an order directing the respondent to inform this Court within thirty days of any claim he may have that the imposition of reciprocal discipline would be unwarranted. Our order further notified the respondent that his failure to show cause why identical discipline should not be imposed by this Court would result in the entry of an order disbarring him from the practice of law in this state. The respondent was served with notice of that order pursuant to Article III, Rule 10 of the Supreme Court Rules of Disciplinary Procedure.[1] The respondent did not submit a response to our order.

The facts giving rise to the respondent's disbarment in the Commonwealth of Massachusetts are as follows. The respondent misappropriated not less than $40,000 from an escrow account established in a divorce matter pending in Massachusetts, did not pay those funds to the beneficiaries of the escrow account, and repeatedly failed to appear at scheduled court hearings. On April 21, 2015, he filed an affidavit with the Board of Bar Overseers of the Supreme Judicial Court acknowledging that he did not contest those facts, and resigned from the practice of law in the Commonwealth. The Supreme Judicial Court accepted that affidavit and disbarred the respondent.

---

1. Article III, Rule 10 of the Supreme Court Rules of Disciplinary Procedure, entitled "Service of Notice" provides: "In the event a respondent-attorney cannot be located and personally served with notices required under these rules, such notices may be served upon the respondent-attorney by addressing them to the address furnished by the respondent-attorney in the last registration statement filed by him or her in accordance with Article IV, Rule 1."

The respondent has not provided this Court with any claim why the identical discipline should not be imposed in this state. We believe that the facts warrant the imposition of the same discipline. Accordingly, the respondent, David M. Fleury, is hereby disbarred from the practice of law in this state, effective immediately.